

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. L. Geren
County Attorney
Limestone County
Groesbeck, Texas

This Opinion Overrules in Part
Opinion No. O-4006.

Dear Sir:

Opinion No. O-4426
Re: Is there any legal authority
for operating the food stamp
plan as outlined, and related
questions?

Your letter of February 13, 1942, requesting the opinion of this department on the questions stated therein reads in part as follows:

"The County Auditor of Limestone County has requested an opinion on the validity of the United States Government Food Stamp Plan as operated by the Commissioners' Court.

"She states that the Commissioners' Court passed an order to take all necessary steps to set up the food stamp plan in Limestone County which includes the issuance of $10,000.00 General Fund Warrants on Limestone County for the purpose of creating a revolving fund. She also states that the budget for 1942 takes up the entire expected income for the General Fund for the year 1942.

"Evidently the court would amend the budget declaring an emergency and stating that a case of grave public necessity existed and that this was necessary to meet unusual and unforeseen conditions just as the Legislature has done recently in remitting taxes etc.

"Will you please advise me as to the following:

"(1)  Is there any legal authority for operating the food stamp plan as above out- lined?

"(2)  Can the Commissioners' Court now declare that an emergency and a case of grave public necessity exists and that this is nec- essary to meet unusual and unforeseen condi- tions, thus permitting the budget to be amend- ed?

"(3)  Can the Commissioners' Court legal- ly issue general fund warrants for the pur- pose of creating a revolving fund?"

Article 2351-17, Vernon's Annotated Civil Statutes, empowers the Commissioners' Court of any county of this State to create a revolving fund or funds and to make appropriations thereto out of the general revenue of said county or counties to be used by said county or counties in cooperation with the United States Department of Agriculture to aid and assist in carrying out the purposes and provisions of an act of Congress of the United States pertaining to the distribution of commo- dities of persons in need of assistance, under the direction of the United States Department of Agriculture. The only fund out of which stamps, as above mentioned, may be purchased or a revolving fund set up, is a general fund of a county. If the funds are available, the revolving fund and the necessary operating expenses can be set up out of the general fund. Under the facts stated in your letter, there are no avail- able funds in the general fund of your county which can be used in setting up the revolving fund. We think that the proposed issuance of warrants as described in your letter would be in effect borrowing money by the county for the above mentioned purpose.

It is stated in Texas Jurisprudence, Vol. 11, p. 664:

". . . The commissioners' court has no au- thority to borrow money by means of warrants; this may be done only by the issuing of bonds. . . ."

The case of Ashby, et al v. James, et al, 226 S. W. 732, among other things, holds that counties cannot borrow money by issuing warrants.

Honorable L. L. Geren, Page 3

It is stated in Corpus Juris Secundum, Vol. 20, p. 1078:

"Counties, being creatures of statute,
. . . and possessing no powers not granted
by constitutional provision of statute, . . .
are generally held to have no power to borrow
money, unless expressly authorized so to do
by constitutional or statutory provision;
and this power will not be implied."

With reference to setting up a revolving fund by firtue of Article 2351-17, supra, it is stated in our opinion No. O-4008:

"If no funds are available and the
amount required does not exceed the amount
of current revenues reasonably expected or
contemplated by the county, ordinary warrants
may be issued for the same."

We think that this statement is contrary to the above mentioned authorities and therefore expressly overrule that portion of said opinion No. O-4008 quoted above.

We have carefully considered the cases of Bexar County v. Hatley, 150 S. W. (2d) 980; Spears v. City of South Houston, 150 S. W. (2d) 74 and Bexar County, et al v. Mann, 157 S. W. 134, and we do not think that these cases are applicable to the questions here involved and do not authorize the borrowing of money by a county by issuing warrants as above mentioned.

In view of the foregoing authorities, we respectfully answer your first and third questions in the negative. As we have answered these questions in the negative your second question requires no answer.

Yours very truly

APPROVED FEB. 26, 1942          ATTORNEY GENERAL OF TEXAS.

/s/ Grover Sellers

                                        By

FIRST ASSISTANT                              Ardell Williams
ATTORNEY GENERAL                                  Assistant

AW:GO

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN